For Plaintiff: Wm. M. P. Brown.

For Defendant: Sol Bromson.

---

National Art Novelty Company
vs
Carmine Nardolillo

No. 67833

RESCRIPT

March 17, 1927

CAPOTOSTO, J. The plaintiff seeks to recover the price of certain merchandise shipped to the defendant from Chicago to Providence. The goods were lost in transit. The plaintiff in proving its case introduced a written order bearing the defendant's name and a bill of lading showing shipment at Chicago. The defendant not only denies signing or authorizing the signature upon the written order but asserts that he gave no order at all for the particular goods in question.

Whether or not the defendant signed or authorized the signing of a written order is a question as to which this Court is willing to give the defendant the utmost consideration and say that upon the record as it stands the plaintiff failed to establish this part of its case. As to the defendant's second contention, namely, that he did not order the goods at all, the plaintiff has sustained the necessary burden of proof and has established that the defendant in fact did order the merchandise for the price of which suit is brought. Plaintiff's Exhibit 3, a letter written on January 20, 1925, by the defendant's brother at the defendant's direction and on his stationary, among other things says: "but I will assure you that if they arrive at this freight office I am willing to accept them." Counsel for the defendant, in arguing his motion for a new trial, sought to avoid the effect of this letter by saying that if the goods had reached Providence his client as a pure gratuity would have accepted the goods in spite of the fact that they had never been ordered by him. The improbability of a business man acting in such a manner is so great as to warrant a dismissal of this argument without further comment.

The defendant's attorney relies upon certain provisions of the Sales Act which, while true in themselves, are inapplicable to the facts in this case. He loses sight of the principle that where a contract for the sale of goods is established, in the absence of any fact showing a contrary intention the property in the goods passes

to the buyer when the seller delivers the goods to a carrier, whether named by the buyer or not, for the purpose of transmission to the buyer. No contrary intention as to the place of delivery could reasonably be claimed in this case in view of the defendant's claim that he never ordered the goods at all.

The jury's verdict for the plaintiff is supported by the weight of the evidence.

Motion for new trial denied.

For Plaintiff: Wm. M. P. Bowen.

For Defendant: Ralph Rotondo.